PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

(Circuit Court, S. D. New York. August 13, 1910.)

Nos. 2–9, 2–33, 2–33, 3–37.

RECEIVERS (§ 150*)—EXPENDITURES—PETITION TO ENFORCE PAYMENT—ATTORNEY'S FEES.

Franchise taxes having been assessed against various street railway companies leased to the M. company, the latter brought certiorari to correct the same as exorbitant in the name of each lessor; the lessee paying all the legal expenses and disbursements in connection therewith. A receiver having been appointed for the M. company, he continued such proceedings until notice that the lessor should take charge of the same, which they did by substituted attorneys. Notwithstanding this, the receiver and their counsel continued negotiations which finally resulted in a basis of settlement. *Held* that, pending determination of the question whether the lessors or the M. Company was liable for such taxes, petitions to require the receiver to pay the legal expenses and disbursements incurred by the lessors after taking charge of the proceedings pursuant to the notice would be denied.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 150.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Suits by the Pennsylvania Steel Company against the New York City Railway Company and others, by the Farmers' Loan & Trust Company against the Metropolitan Street Railway Company and others, by the Guaranty Trust Company against the Metropolitan Street Railway Company and others, and by the Farmers' Loan & Trust Company against the Metropolitan Street Railway Company and others. Petitions for directions to receivers of the Metropolitan Street Railway Company to pay certain legal expenses and disbursements incurred and expended by the Broadway & Seventh Avenue, the Forty Second Street & Grand Street Ferry, and the Thirty-Fourth Street & Crosstown Railway Companies in proceedings to reduce franchise taxes assessed against the various companies. Denied without prejudice.

Byrne & Cutcheon, for complainant.
Dexter, Osborn & Fleming, for receiver of New York City Ry. Co.
Masten & Nichols, for receiver of Metropolitan Ry. Co.
J. Parker Kirlin, for Metropolitan St. Ry. Co.

LACOMBE, Circuit Judge. The railroad franchises and property of these three companies were leased some years ago to the Metropolitan Street Railway company; the lease providing that the lessee should pay all taxes, assessments, and charges which might be lawfully imposed in respect of the demised property or any part thereof. In each successive year since 1900 the state officers under a statute then passed assessed the property of these roads for so called "special franchise" tax. The lessee (Metropolitan Street Railway), believing the amounts of such taxes to be exorbitant, brought a proceeding by certiorari each year to correct the same. Such proceedings were brought in the name of each lessor, but the lessee retained counsel and paid all the legal expenses and disbursements connected therewith. The receivers did likewise when they succeeded the Metropolitan Company. Meanwhile the unpaid special franchise taxes accumulated to a very large sum which the city and state officers were threatening to collect by sale of the property, or forfeiture of the franchise, and which receivers and their counsel were endeavoring to adjust on some fair basis with such officers. In view of the threatened sale, receivers advised each lessor company that in their opinion it was advisable and proper to give them notice to take immediate charge of the proceedings. All this will be found set forth in the opinion of this court on an application of the New York and Harlem Railroad and other companies, which is reported in 176 Fed. 471. Despite the notice, receivers and their counsel continued negotiations with the state and city officers, and finally agreed with them upon a basis of settlement on which all these franchise taxes have since been adjusted.

Upon receipt of the notice the several petitioners retained counsel who were substituted as attorneys in their several certiorari proceedings and rendered services in connection with the efforts of the state and city officers to collect exorbitant franchise taxes. The present application is for an order directing receivers to pay such counsel the amounts of their bills for such services.

By reference to the opinion above cited it will be seen that the mortgage bondholders of the Metropolitan raised the point that under the terms of the leases a newly devised tax, such as this franchise tax was not to be paid by the lessee but by the lessor. Of course, if the lessee is under no obligation to pay the tax, it is under no obligation to pay for legal expenses which result in a reduction of the tax. This court held that, in view of the practical construction which both lessor and lessee had given to the leases for many years, these taxes were a burden on the latter. But it is understood that this decision has not been acquiesced in, and that it is still an open question whether lessor or lessee should pay the tax. Until that question is decided, such an application as the present one is premature. If it be finally held that the lessee should pay the tax, it will be quite in order to determine whether receivers should pay these bills for legal services, although they did not themselves retain the counsel. But, if it be finally held that the lease impose no such obligation on the lessee in the matter of special franchise taxes, it would manifestly be improper to direct the receivers to pay indebtedness incurred by the lessor for services of counsel whom it retained to protect its own interests.

The petitioners are denied without prejudice to their representation when the question as to liability for franchise taxes shall be finally decided.